IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 02-40612
Summary Calendar

—————————————

LEO ROGER DUGAS,

Plaintiff-Appellant,

versus

JASON RILEY SEARCY; CLARON CORPORATION;
HOWELL CRUDE OIL COMPANY; JSB PETROLEUM, INC.;
BIG EASY OIL & GAS 19-18D, INC.;
BIG EASY OIL & GAS SCHILLING, INC.;
FAITH INTERNATIONAL, INC.; TEXAS ATTORNEY GENERAL,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-496
---------------------------------------------------------
January 27, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Leo Roger Dugas appeals the district court's dismissal of his Declaratory Judgment Act suit

with prejudice. He contends that the district court erred in determining that his suit lacked merit and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissing it. Before we may consider Dugas' arguments, however, we must consider the appellees' contention that the district court lacked subject matter jurisdiction over the suit.

Dugas' complaint purportedly invoked diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction. Our review of the complaint shows that there is no complete diversity of parties and, concomitantly, no diversity jurisdiction. See 28 U.S.C. § 1332(a); Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). There is likewise no federal question jurisdiction, as this suit involves a request for advisory opinions rather than an actual case or controversy. See Carpenter v. Witchita Falls Independent School Dist., 44 F.3d 362, 368 n.5 (5th Cir. 1995). Because there is neither diversity nor federal question jurisdiction, there is also no supplemental jurisdiction. Because there is no subject matter jurisdiction over this case, the district court should have dismissed it on that basis, rather than proceeding to consider the merits of Dugas' claims. Accordingly, the judgment of the district court is MODIFIED to reflect a dismissal, without prejudice, for want of subject matter jurisdiction, and this judgment is AFFIRMED as so modified.